IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RYAN JAMES O'TOOLE,

Plaintiff,

vs.

DAN DANAHER, Doctor; TEENA LENGER,
Medical Director; MICHELE WILHELM,
Warden; ROB JEFFREYS, Director; and
NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES,

Defendants.

**4:24CV3067**

**MEMORANDUM AND ORDER**

Plaintiff, Ryan James O'Toole ("Plaintiff"), a state prisoner currently incarcerated at the Nebraska State Penitentiary in Lincoln, Nebraska, has been granted leave to proceed in forma pauperis. Filing No. 7. Because he has paid the required initial partial filing fee, the court conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. Also before the Court are Plaintiff's Motion for Summons, Filing No. 4, and Motion for Status, Filing No. 8. With this Memorandum and Order, the Court grants the Motion for Status. The remaining matters will be addressed below.

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that in November 2022—before he was sentenced and while housed in the Lancaster County Jail—he began to experience sores on his skin "on back on the middle left side." Filing No. 1 at 4. After Plaintiff arrived at the Nebraska State Penitentiary, he continued to experience sores and claimed that the infected spots were recurring and coming back in different places. Filing No. 1 at 7.

Plaintiff alleges he experienced significant pain from the recurring sores. Filing No. 1 at 5. His pain included numbness, swelling in the face, and having nine infected areas. Filing No. 1 at 5. Plaintiff was left with scars, missing hair, and pain in infected areas. Filing No. 1 at 5. Plaintiff asserted that the pain prevented him from sleeping, and that he experienced throbbing and irritation. Filing No. 1 at 22.

Plaintiff alleges he received improper treatment. He alleges the sores from the infections were not cultured. Filing No. 1 at 5. He also alleges that he was not sent to a dermatologist for proper diagnosis of infected areas, nor was he sent to a hospital "or seek proper care" until after the ninth infection appeared. Filing No. 1 at 5.

At an unspecified time, Plaintiff alleges that he saw Defendant Lenger and Defendant Dan Danaher in the Nebraska State Penitentiary. Filing No. 1 at 5. Plaintiff also went to the hospital in October 2022. Filing No. 1 at 5. Plaintiff's face "swelled up," and antibiotics were administered, and an antibiotic cream was applied. Filing No. 1 at 5.

In November 2023, Plaintiff complained that he was told he would receive soap and a cleanser to get bacteria off his skin and rid him of his infections and skin problems. Filing No. 1 at 13. He claims he never received the soap. See Filing No. 1 at 7. Plaintiff also alleges that the medication he received was turning his skin and eyes yellow. Filing No. 1 at 14. Nebraska Department of Correctional Services ("NDCS") officials responded that Medical staff told Plaintiff he needed to be seen when Plaintiff had an active infection and "medical will drain and culture it." Filing No. 1 at 14. After appealing this response, NDCS officials stated: "Your skin issues are stable at this time and a special soap is not indicated. Using an antibacterial soap from the canteen such as Dial, keeping your blood

2

sugars under control and proper hygiene is what is needed for control of your skin issues." Filing No. 1 at 16.

Plaintiff brings this action against Dan Danaher, a doctor with NDCS; Teena Lenger, the NDCS Medical Director; Michelle Wilhelm, identified in the Complaint as "NDCS Warden;" and Rob Jeffreys, the director of NDCS.  Filing No. 1 at 2-3.  All Defendants are sued in their official and individual capacities. Filing No. 1 at 2-3.  Plaintiff seeks $100,000 in damages due to neglect of medical care and for medical staff not properly taking care of Plaintiff's infection.  Filing No. 1 at 5.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III.  ANALYSIS OF COMPLAINT

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.  Claims Against NDCS and Defendants in Their Official Capacities

Plaintiff sues the NDCS and Defendants Danaher, Lenger, Wilhelm, and Jeffreys in their official capacities for damages. However, states or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Thus, the NDCS

4

must be dismissed from this action for failure to state a claim upon which relief may be granted.

Moreover, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Also, a state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in section 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under section 1983). However, a state's Eleventh Amendment immunity does not bar a suit against state officials when the plaintiff seeks only prospective relief for ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *Ex Parte Young*, 209 U.S. 123 (1908). State officials sued in their official capacities for injunctive relief are "persons" under section 1983, because official capacity actions for prospective relief are not treated as actions against the State. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

The Complaint seeks only an award of damages. Each of the Defendants are sued in their official capacities as employees of the State of Nebraska. There is nothing in the record before the Court showing that the State of Nebraska waived, or that Congress

5

overrode, sovereign immunity in this matter. Thus, Plaintiff's claims for money damages against Defendants in their official capacities are barred by the Eleventh Amendment and must be dismissed.

## B.  Claims Against Defendants in Their Individual Capacities

Because Plaintiff has also sued each Defendant in their individual capacities, the Court considers whether Plaintiff has stated a plausible Eighth Amendment claim of deliberate indifference to his medical needs. The constitutional obligation to provide medical care to those in custody may be violated when officials "intentionally deny[ ] or delay[ ] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) ("[D]elays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim.") (quotations omitted).

To prevail on this claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *See Estelle*, 429 U.S. at 106. The deliberate-indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) Defendants knew of, but deliberately disregarded, those needs. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (Eighth Amendment claim based on inadequate medical attention requires proof that officials knew about excessive risks to inmate's health but disregarded them and that their unconstitutional actions in fact caused inmate's injuries); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).

"For a claim of deliberate indifference, the prisoner must show more than negligence, more than gross negligence, and mere disagreement with treatment

6

decisions does not reach the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citation omitted). A prisoner's mere disagreement with the course of his medical treatment fails to state a claim against a prison physician for deliberate indifference under the Eighth Amendment. *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).

### 1. Defendants Danaher and Lenger

Plaintiff has not alleged sufficient facts to state a plausible claim that Defendants Danaher or Lenger were deliberately indifferent to Plaintiff's medical needs. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle,* 429 U.S. at 106. In other words, merely alleging facts indicating that a prison doctor committed medical malpractice is not enough. *See Jackson v. Buckman*, 756 F.3d 1060, 1065-66 (8th Cir. 2014). "An inmate must demonstrate that a prison doctor's actions were 'so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care.'" *Id.*, at 1066 (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1240-41 (8th Cir. 1997)).

The Complaint fails to allege even Defendants Danaher and Lenger committed medical malpractice. Plaintiff only alleges that, at some point, he was seen by both Danaher and Lenger. There is no allegation that either Danaher or Lenger personally mistreated Plaintiff, much less allegations that would suggest their actions were so inappropriate that the Court could infer intentional maltreatment or refusal to provide

7

essential care.  Plaintiff does not allege any direct connection between Defendants Danaher and Lenger and the injury Plaintiff allegedly suffered.  Accordingly, Plaintiff's claims are subject to dismissal.  Nevertheless, out of an abundance of caution, the Court will grant Plaintiff leave to file an amended complaint that states a plausible Eighth Amendment claim against Defendants Danaher and Lenger in their individual capacities only.

### 2. Defendants Wilhelm and Jeffreys

Plaintiff will not be given leave to file an amended complaint against Defendants Wilhelm and Jeffreys as the Complaint fails to set forth any factual allegations suggesting these two Defendants had any personal involvement in Plaintiff's alleged inadequate medical treatment.  "It is well settled that § 1983 does not impose respondeat superior liability."  Hughes v. Stottlemyre, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted).  To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury.  Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985).  "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'"  Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) (quoting Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993)).

Thus, to the extent Plaintiff seeks relief against Defendants Wilhelm and Jeffreys based on their supervisory positions over the Nebraska Penitentiary or NDCS as a whole, Plaintiff has failed to state a claim upon which relief may be granted.  Because the Complaint fails to allege Wilhelm's and Jeffreys' personal involvement in any

constitutional violation and merely names them as Defendants, Plaintiff's claims against them are dismissed for failure to state a claim.  *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

## IV.  OTHER PENDING MOTION

Plaintiff filed a copy of a summons which the Court construes as a motion to issue summons.  "Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot issue summonses in *in forma pauperis* [non-prisoner and] prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b)."  *See Welch v. Byrd*, No. 4:23CV3186, 2024 WL 3292696, at *1 (D. Neb. July 3, 2024) (quoting *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) (internal citation omitted)).[1]  Plaintiff's claims are subject to dismissal and the Court has yet to perform an initial review of any amended complaint.  Accordingly, any motion seeking issuance of summons and service of the Complaint is premature and must be denied.

## V.  CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against any named Defendant.  Defendants, in their official capacities, are immune from suit for damages in federal court under the Eleventh Amendment.  In addition, the Complaint fails to state a claim for relief against Defendants Wilhelm and Jeffreys as it does not allege

---

[1] Under the statute, following the granting of a motion to proceed in forma pauperis, a court must review and dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

their personal involvement in unconstitutional action. However, the Court on its own motion will give Plaintiff 30 days in which to file an amended complaint that alleges facts supporting a claim against Defendants Danaher and Lenger, to the extent such facts can be credibly alleged.

IT IS THEREFORE ORDERED:

1.    The following Defendants and claims shall be dismissed or proceed further as specified below:

    a.    Plaintiff's claims against Nebraska Department of Correctional Services are dismissed without leave to amend.

    b.    Plaintiff's claims against all Defendants in their official capacities are dismissed without leave to amend.

    c.    Plaintiff's claims against Defendants Wilhelm and Jeffreys in their individual capacities are dismissed without leave to amend.

    d.    Plaintiff is granted leave to file an amended complaint to state a plausible Eighth Amendment claim of deliberate indifference to his medical needs against Defendants Danaher and Lenger, in their individual capacities, or against other specific individuals who were involved in his medical care while in the custody of NDCS.

2.    Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must comply with federal pleading requirements. Plaintiff should be mindful to

explain what the defendants did to him, when the defendants did it, and how the defendant's actions harmed him.

3.     In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations.   Failure to consolidate all claims into one document may result in the abandonment of claims.  Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4.     The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

5.     The Clerk of the Court is directed to set a pro se case management deadline using the following text: **April 30, 2025** —amended complaint and updated address due.

6.     The Clerk of the Court is directed to remove from this action the following Defendants:

a.     Nebraska Department of Correctional Services;

b.     Michele Wilhelm; and

c.     Rob Jeffreys.

7.     The Clerk of the Court is further directed to update the caption to reflect that Defendants Teena Lenger and Dan Danaher are sued in their individual capacities only.

8.     Plaintiff's Motion for Summons, Filing No. 4, is denied as premature.

9.     Plaintiff's Motion for Status, Filing No. 8, is granted in accordance with this Memorandum and Order.

11

Dated this 31st day of March, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge